(51 Misc. 491)

## In re FITZGERALD et al.

(Supreme Court, Special Term, Kings County.　October 24, 1906.)

1. ELECTIONS—NOMINATIONS BY ELECTORS—SIGNATURES—ADDRESS.

Where, on a certificate of nomination, the requisite number of electors have added their place of residence to their signatures, it is no objection to the certificate that to many of the signatures nothing is added beyond the street and number.

2. SAME—SEPARATE SHEETS.

Under the direct provisions of Election Law, Laws 1896, p. 926, c. 909, § 57, it is no objection to a certificate of nomination that the signatures are not contained on one paper.

[Ed. Note.—For cases in point, see vol. 18, Cent. Dig. Elections, § 126.]

3. SAME—DESIGNATION OF OFFICES.

Under Election Law, Laws 1896, p. 926, c. 909, § 57, providing that the certificate shall contain "the title of the offices to be filled, the name and residence of each candidate nominated," it is no objection to a certificate of nomination that it names more than one candidate.

4. SAME—EMBLEMS.

Where an organized league selects an emblem, and files numerous certificates of nomination for various offices with such emblem, the nominee of such league is entitled to the use of the emblem as against a regular party candidate, though such other candidate precedes him in having on file a certificate with such emblem containing the requisite number of signatures.

[Ed. Note.—For cases in point, see vol. 18, Cent. Dig. Elections, § 142.]

Appeal from decision of Board of Elections of City of New York.

Michael F. McGoldrich, for appellant.

Robert Stewart, for respondent.

KELLY, J.　In the brief time within which the court must examine and decide the questions involved in this appeal I can only state my conclusions and the reasons therefor in the most general way.

As to Mr. Fitzgerald's objections to the certificates filed by Mr. Moran, the board of elections has overruled said objections. They are as follows:

(1) That the place of residence of the electors signing the certificate is not stated. There are many signatures to which nothing beyond the street and number is added. No city, town, or village is mentioned. But as to many others the word "Brooklyn" is added, or ditto marks indicating Brooklyn, and affidavit is made that some 1,200 signatures contain the address. I find the fact to be that the requisite number of electors have added their place of residence to their signatures.

(2) Objection is made that the signatures of 1,000 electors in the district are not contained upon one paper; that to read 1,000 signatures we must refer to a number of separate sheets; and it is objected that

other persons are nominated and for other offices besides that of Congressman upon the sheets of paper. Section 57 of the election law (Laws 1896, p. 926, c. 909) expressly provides that:

"The signatures to the certificate of nomination need not all be appended to one paper."

It also provides:

"The certificate shall also contain the title of the offices to be filled, the name and residence of each candidate nominated."

There is no prohibition against naming more than one candidate upon a certificate; indeed, the language of the section indicates that certificates may name more than one office and candidate.

These are the objections of Mr. Fitzgerald, which have been overruled.

Moran has filed objections to a certificate of independent nomination filed by Fitzgerald, who designates the balance scales as his emblem. Moran says his certificate designating this emblem was first filed, and that by priority of time he is entitled to the emblem. He says the emblem represents the "Independence League," and he and not Fitzgerald is the candidate of the league, and therefore entitled to the emblem. The board of elections has sustained Mr. Moran's objections.

On the question as to which candidate first filed the necessary certificate of 1,000 electors nominating him for Congress, it might be difficult to say which of the two first had on file 1,000 legal signatures. But there is no doubt that the Independence League organization in Kings county had, prior to the filing of Mr. Fitzgerald's certificate, selected the balance scales as an emblem; that numerous valid certificates of nomination for other offices had then been filed by the league, selecting the emblem described. It was the emblem of the league distinctively. Mr. Ihmsen and Mr. Powell, described as the official representatives of the league, make affidavit that Mr. Moran is the candidate of the league. It is also conceded that Mr. Fitzgerald is the regular candidate of the Democratic party. On all the facts, I think Mr. Moran has the prior right to use the emblem of the scales.

The action of the board is affirmed.